IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAXIMUS PROPHET,                     :
            Movant/Petitioner,       :
                    v.               : Case 3:07-cr-25-KRG-KAP
                                     : Case 3:15-cv-211-KRG-KAP
UNITED STATES OF AMERICA             :

## Order, Report and Recommendation

### Recommendation

Pending is movant's Motion to Vacate under 28 U.S.C.§
2255, docket no. 63 at the criminal case, which can also be
construed as a petition for a writ of habeas corpus under 28
U.S.C.§ 2241. See Motion at 4-5, 10. It should be summarily
denied pursuant to 28 U.S.C.§ 2243. The Clerk shall add the United
States Attorney to the docket for notice purposes only.

### Report

Prophet is an inmate at F.C.I. Loretto serving a 168-
month sentence imposed by this court on June 3, 2008, after Prophet
pleaded guilty to one count of possessing child pornography, 18
U.S.C.§ 2252(a)(4) and eleven counts of receipt of child
pornography, 18 U.S.C.§ 2252(a)(2). His sentence was affirmed on
appeal. U.S. v. Prophet, Case No. 3:07-cr-25-KRG-KAP (W.D.Pa. June
8, 2008), aff'd 08-2918 (3d Cir. June 25, 2009).

Six years later Prophet has filed what he styled as a
motion to vacate and described in the motion as a petition for a
writ of habeas corpus. A motion to vacate is clearly untimely and
Prophet presents nothing that would statutorily or equitably toll
the one-year limitations period in 28 U.S.C.§ 2255(f). Prophet

argues in effect that Section 2255(f)(4) applies, but the "new fact" he would rely on is the decision by a panel of the Court of Appeals in United States v. Husmann, 765 F.3d 169 (3d Cir.2014), which is not a new fact.

This is really an attempted Dorsainvil claim. When there has been a new precedential interpretation of the statute under which a petitioner was convicted, that interpretation negates criminal liability for petitioner's conduct, and that interpretation has come after the time to file a motion to vacate has expired, or in a case where a motion to vacate was filed but a second motion to vacate could not be authorized under 28 U.S.C.§ 2244 and 28 U.S.C.§ 2255(h), the Court of Appeals has held that a petition for a writ of habeas corpus under 28 U.S.C.§ 2241 is available to a federal defendant under the safety valve of 28 U.S.C.§ 2255(e) because a motion to vacate is an inadequate remedy. See In re Dorsainvil, 119 F.3d 245 (3d Cir.1997); Abuhouran v. Grondolsky, 392 Fed.Appx. 78 (3d Cir.2010); United States v. Tyler, 732 F.3d 241 (3d Cir.2013).

Dorsainvil does not directly help Prophet because Husmann does not constitute a new precedential opinion negating liability for conduct that Prophet pleaded guilty to. Husmann held that conviction of distributing child pornography under 18 U.S.C.§ 2252(a)(2) (not an offense Prophet pleaded guilty to), when a defendant is alleged to have distributed pornography by placing

2

pornography in a computer file available for downloading, requires proof that someone actually downloaded that file. Prophet relies on an extension of <u>Dorsainvil</u>, arguing that his sentence was improperly enhanced because the probation officer who prepared his presentence report recommended a two-level enhancement of the offense level for distributing child pornography, under the authority of United States Sentencing Guidelines § 2G2.2(b)(3). Prophet reasons that since all he did was to make files available, in the absence of proof of downloading <u>Husmann</u> calls the offense level enhancement for distribution and therefore his sentence into question.

      <u>Husmann</u> itself rejects any equation of criminal liability with the calculation of an appropriate sentence:

The government argues that the meaning of the term "distribute" in §2252(a)(2) should track the definition of "distribution" set forth in the Guidelines Manual for purposes of the distribution enhancement under U.S.S.G. § 2G2.2(b)(3). However, **the definition of "distribution" under the Sentencing Guidelines has no bearing on the meaning of the term in § 2252**. As the Tenth Circuit has held, "the statutory term has a distinct meaning and is not as broad as the same term under § 2G2.2(b)(3)." <u>United States v. Ramos</u>, 695 F.3d 1035, 1044 (10th Cir.2012). "Distribution" under § 2G2.2(b)(3) extends to such acts as "possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S. Sentencing Guidelines Manual § 2G2.2 app. n. 1. In fact, "*any* act ... *related* to the transfer of material involving the sexual exploitation of a minor" qualifies as "distribution" under § 2G2.2(b)(3). *Id.* (emphasis added). **Defendants can be subject to the distribution enhancement even if they are not convicted of distributing child pornography, since the enhancement applies to anyone convicted under 18 U.S.C. §§1466A, 2252, 2252A(a)-(b), and 2260(b)**. <u>See</u> U.S. Sentencing Guidelines Manual § 2G2.2 cmt. (listing the applicable statutory provisions); <u>see</u>

also United States v. Vallejos, 742 F.3d 902, 908 (9th Cir.2014) (holding that the district court properly applied a distribution enhancement to a defendant convicted of receipt of material involving the sexual exploitation of minors); United States v. Layton, 564 F.3d 330, 335 (4th Cir.2009) (upholding the application of a distribution enhancement to a defendant convicted of possession of child pornography). While **several circuits have held that merely placing child pornography in a shared folder on a file sharing network warrants application of a distribution enhancement**, no circuit has relied on the Sentencing Guidelines definition of "distribution" to interpret the meaning of the term in § 2252(a)(2). Because **"distribute" in § 2252(a)(2) is narrower than the same term in § 2G2.2(b)(3)**, we decline to adopt the definition of "distribution" laid out in the Sentencing Guidelines.

765 F.3d at 175-76(my emphasis). The circuit clearly is calling for further opportunity to address this issue. See United States v. Puza, 594 Fed. Appx. 100 n.1 (3d Cir. 2015). As the law stands now, Prophet's petition must be dismissed under Husmann itself. To the extent anyone considers Prophet's pleading a motion to vacate, no certificate of appealability should be issued.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: ____2 August 2015____            _____
                                       Keith A. Pesto,
                                       United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

        Maximus Prophet, Reg. No. 11231-068
        F.C.I. Loretto
        P.O. Box 1000
        Loretto, PA 15940